# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JESSE YARBOROUGH, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:10-cv-279-WTL-WGH |
| | ) |
| MR. BRACE, Lieutenant, et al., | ) |
| | ) |
| Defendants. | ) |

### Entry Discussing Motion for Summary Judgment

This is a civil rights action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 38 (1971). It is brought by Jesse Yarborough, an inmate in the custody of the Federal Bureau of Prisons ("BOP") who was previously confined at the United States Penitentiary at Terre Haute, Indiana ("USP").

For the reasons explained in this Entry, the defendants' motion for summary judgment must be granted.

### I. Background

The operative pleading setting forth Yarborough's claim is his second amended complaint filed on January 13, 2011. His claim is that the defendants retaliated against him for filing a lawsuit challenging his medical care at the USP. The defendants have appeared in the action, filed their answer to the second amended complaint, and seek resolution of that claim through the entry of summary judgment.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no

reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

## II. Discussion

### A. Applicable Law

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007).

The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*

The PLRA's exhaustion requirement creates an affirmative defense and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). When asserted, the defense must be resolved prior to the merits of a claim being reached. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

When a prisoner has failed to exhaust administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Jones,* 549 U.S. at 223–24.

## B. Material Facts

The USP is a prison operated by the BOP. The defendants are employed by the BOP at the USP.

The BOP has promulgated an administrative remedy system. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must file an administrative remedy with the Warden, Regional Director, and General Counsel. The inmate is required to first address his complaint to the Warden. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all three levels, his administrative remedies are exhausted as to the specific issue raised.

All requests for administrative remedies are logged and tracked in the SENTRY computer program, which is an electronic record-keeping system utilized by the BOP. A review of the administrative remedy records in the SENTRY database and copies of completed remedy requests show whether and the extent to which Yarbrough has exhausted the administrative remedy process in connection with the claim in his second amended complaint.

Yarbrough filed a total of 192 administrative remedy requests since he began his term of incarceration, approximately 102 of which were filed between September 1, 2010, and March 1, 2011, while Yarbrough was housed at the USP.

Prior to beginning this lawsuit on November 2, 2010, Yarbrough did file some administrative remedies. Specifically, the evidentiary record establishes that he filed administrative remedy numbers 608912, 609726, 615564, 612521, 612524, 612527, 612906, and 613938. On September 27, 2010, Yarbrough filed administrative remedy number 608912, but did not file in the time or place required by the rules as the remedy was filed at the wrong level. On September 30, 2010, Yarbrough filed administrative remedy number 609726, but it too was filed at the wrong level. On October 25, 2010, Yarbrough filed administrative remedy number 615564, but it was filed at the Central office level, and was improperly filed under the rules. On October 26, 2010, Yarbrough filed several administrative remedy requests—No.s 612521, 612524, and 612527--but in each filing Yarbrough did not follow the proper procedure for filing remedies and did not correct the deficiencies when notified of them. On October 28, 2010, Yarbrough filed administrative remedy number 612906, but did not follow the proper procedure for filing his remedy and it was rejected without a proper refiling. On November 1, 2010, Yarbrough filed his

last administrative remedy before commencing his lawsuit, No. 613938, but it too by-passed the initial institutional level filing and was rejected. A tabular depiction of this information is shown below.

| Grievance | Date Submitted | Outcome |
|---|---|---|
| 608912 | Sept. 27, 2010 | Filed at the wrong level |
| 609726 | Sept. 30, 2010 | Filed at the wrong level |
| 615564 | Oct. 25, 2010 | Filed at the wrong level |
| 612521 | Oct. 26, 2010 | Did not follow procedure and did not correct deficiency |
| 612524 | Oct. 26, 2010 | Did not follow procedure and did not correct deficiency |
| 612527 | Oct. 26, 2010 | Did not follow procedure and did not correct deficiency |
| 612906 | Oct. 28, 2010 | Did not follow procedure |
| 613938 | Nov. 1, 2010 | Filed at the wrong level |

Yarbrough has responded to the motion for summary judgment and in that response asserts that he attempted to file grievances, but was not allowed to do so. He also argues that he does not have to exhaust his administrative remedies. Yarbrough's response does not include, and is not accompanied by, the S*tatement of Material Facts in Dispute* required by Local Rule 56.1(b). District courts have discretion to strictly enforce their local rules even against pro se litigants. *See Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809-10 (7th Cir. 2005). The court does so in this case and expects to do so in every case. The consequence these circumstances is that he has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 544 (7th Cir. Aug. 3, 2011); *Wackett v. City of Beaver Dam,* 642 F.3d 578, 582 n.1 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### C. Analysis

Exhaustion of available administrative remedies is required before a prisoner may bring a lawsuit in federal court. This requires that a prisoner file his grievances in the time and place required by the prison's rules.

The purpose of the exhaustion requirement is to allow prison officials the

time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary,* 255 F.3d 446, 450–51 (7th Cir. 2001). Yarborough's argument that he was not required to exhaust available administrative remedies is meritless because the Supreme Court has emphatically held that it "will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirements." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001).

The defendants have shown that there was a multi-step grievance procedure available to Yarbrough at the USP, that his claim of retaliation was grievable, and that he did not both properly file a grievance and complete each step of the grievance process with respect to such claim prior to filing either the initial complaint or the second amended complaint. While he did file a number of administrative remedies, he did not file those remedies "properly," meaning at the time and place required by the grievance process. Yarbrough therefore failed to exhaust his available administrative.

If a prisoner has exhausted a grievance but filed suit before the administrative process had concluded, "then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision." *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004).

### III. Conclusion

The consequence of Yarbrough's failure to properly exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that such claim should not have been brought and must now be dismissed without prejudice. *Ford,* 362 F.3d at 401("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The defendants' motion for summary judgment [56] is **granted.**

Judgment consistent with this Entry shall now issue.

The status conference set for May 22, 2012, is **vacated.**

**IT IS SO ORDERED.**

Date: 03/21/2012

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana